NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re: SAMUEL J. MAY,**
*Petitioner*

---

2023-151

---

On Petition for Writ of Mandamus to the United States Court of Federal Claims in No. 1:21-cv-01496-CNL, Judge Carolyn N. Lerner, the United States District Court for the District of Colorado in No. 1:17-cv-00637-RM, Judge Raymond P. Moore, and the United States District Court for the Northern District of California in No. 3:10-cv-02577-WHA, Judge William H. Alsup.

---

## ON PETITION AND MOTION

---

PER CURIAM.

### O R D E R

Samuel J. May petitions this court for a writ of mandamus directing the Attorney General to pay a percentage of a settlement agreement reached between the United States and Amgen, Inc. (Mr. May's former employer) arising out of the misbranding of certain drugs.

The history of Mr. May's decades-long effort to obtain a share of the settlement are detailed in *May v. United*

*States*, 2023-1124 (Fed. Cir. June 6, 2023). Briefly, after an unsuccessful False Claims Act action in the United States District Court for the Northern District of California[1] and unsuccessful contract and tort action in the United States District Court for the District of Colorado,[2] Mr. May filed suit in the United States Court of Federal Claims, asserting that the government's failure to pay him a share of the Amgen Settlement was a breach of contract and a violation of his Fifth Amendment rights. The Court of Federal Claims dismissed his complaint, and this court affirmed that judgment in June 2023.

To establish entitlement to the "extraordinary remedy" of a writ of mandamus, a petitioner is required to show, among other things, that he has a clear and indisputable right to relief. *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004). Mr. May's petition here seeks to relitigate his prior actions, but he has not shown a clear and indisputable right to do so. As we have already explained to Mr. May, this court does not have authority to review the judgments of the district courts in his prior actions. *May v. United States*, Appeal No. 2023-2311, ECF No. 14 (Fed. Cir. Oct. 23, 2023) (dismissing for lack of jurisdiction); *May v. United States*, Appeal No. 2023-2334, ECF No. 9 (Fed. Cir. Oct. 23, 2023) (dismissing for lack of jurisdiction). And mandamus is not intended to afford Mr. May a second bite of the appellate apple in seeking review of the

---

[1]    *See United States ex rel. May v. Amgen Inc.*, No. 3:10-cv-02577-WHA (N.D. Cal. July 12, 2016) (denying the motion to reopen); *May v. Amgen*, No. 16-16394 (9th Cir. Mar. 2, 2017) (dismissing Mr. May's appeal from the denial).

[2]    *United States ex rel. May v. United States*, 839 F. App'x 214 (10th Cir. 2020) (affirming the district court's dismissal of a contract claim and grant of summary judgment against tort claims).

judgment of the Court of Federal Claims. *Cf. Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26 (1943) (explaining that mandamus is not a substitute for an appeal). Indeed, this court has already rejected Mr. May's materially similar requested relief. *May v. United States*, Appeal No. 2023-1124, ECF No. 49 (Fed. Cir. Aug. 7, 2023) (en banc) (denying mandamus petition).

Accordingly,

IT IS ORDERED THAT:

The petition and all pending motions are denied.

FOR THE COURT

December 14, 2023
Date

Jarrett B. Perlow
Clerk of Court